STROUD, Judge.
On 4 March 2014, a grand jury indicted defendant for possession of a firearm by a convicted felon, four counts of assault with a deadly weapon with intent to kill, and two counts of discharging a firearm into occupied property. A jury subsequently found defendant guilty of all charges except for one count of assault with a deadly weapon with intent to kill. The court consolidated into one judgment two counts of discharging a weapon into occupied property and imposed an active sentence of 84-113 months, and consolidated the remaining charges into a second judgment imposing a consecutive sentence of 33-52 months. Defendant did not appeal. On 18 May 2016, this Court allowed defendant's petition for writ of certiorari to review the judgments.
The State presented evidence showing that on 6 April 2012, Lyasia Lawson, Lyshonda Fields Bryant, Alawisha Fields, and Myriah Bell attended a party at the American Legion building in Kinston. As they walked to their vehicles afterward, they saw defendant, with whom they all were acquainted and by whom Ms. Lawson was pregnant, arrive in a van tan in color with purple flames on the left side. The van was driven by a woman. The four women traveled in two vehicles, one driven by Ms. Bryant and the other driven by Ms. Fields, to Carver Court Apartments where Ms. Bell resided. A tan van with purple markings arrived at the Carver Court Apartments shortly thereafter and stopped. Defendant got out of the van and fired shots towards Ms. Fields' vehicle, a 1999 Nissan Altima, in which Ms. Lawson was a passenger. The women sped out of the parking lot. A police officer stopped their vehicles. The women reported that defendant fired shots at their vehicles. The officer observed what appeared to be two bullet holes in the rear bumper of Ms. Fields' vehicle. The women also gave statements to a detective at the police station that morning in which they indicated defendant approached the vehicle and fired shots. Ms. Fields testified that prior to this incident, neither her vehicle nor the license tag had bullet holes.
Officer Archino of the Kinston Department of Public Safety ("KDPS") testified that she was called to report to the police station at approximately 1:22 a.m. on 7 April 2012. While there, she photographed a 1999 Nissan Altima with two bullet holes, one in the rear bumper and the other in the license tag. She recovered one bullet from the vehicle.
Officer Devine of KDPS testified that at approximately 3:30 a.m. on 7 April 2012, he drove to Stoney Creek Outfitters north of Kinston to meet an officer of the Ayden Police Department with defendant in his custody. At the turnoff to Stoney Creek Outfitters, he saw a van with a dark blue or purplish stripe on the side. A woman was standing beside the van. Defendant was seated in the Ayden police car.
Defendant contends the court committed plain error by admitting evidence he had been arrested on an unrelated outstanding warrant by the Ayden Police Department. Specifically, Officer Metts of KDPS, who stopped the vehicles after they left the Carver Court Apartments, testified without objection he received information that the Ayden Police Department had taken defendant into custody on an outstanding warrant. KDPS Officer Devine testified without objection he was asked to go to the Lenoir-Pitt County line to meet an officer of the Ayden Police Department who had defendant in his vehicle. Defendant argues this testimony was inadmissible evidence of other crimes or bad acts.
To establish plain error when evidence is admitted without objection, the defendant must show that a fundamental error, i.e., one that had a probable impact upon the jury's verdict, was made. State v. Lawrence, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012). Defendant submits that the presentation of evidence of other crimes or bad acts deprived him of a fair trial because witnesses offered conflicting testimony or recanted. Defendant acknowledges that the credibility of witnesses and evidence is for the jury to determine but maintains that this evidence tilted the balance toward a verdict of guilty.
We are not persuaded by defendant's arguments. The testimony and evidence from multiple witnesses established that they saw defendant in the van with distinct markings, that they saw this van arrive at the scene of the shootings, that they saw defendant exit the vehicle with a gun in his hand, that they heard gunshots, that bullet holes were found in Ms. Fields' vehicle which had not been there previously, and that a van similar to the description given by the women was near defendant when he was taken into custody by KDPS. We do not believe that, given the strong evidence of defendant's guilt, the jury probably would have reached a different verdict had this evidence been excluded. See State v. Mason, 337 N.C. 165, 174, 446 S.E.2d 58, 63 (1994) (admission of evidence is not plain error if the evidence of the defendant's guilt is strong).
Defendant has not brought forward any other issues in his brief. The other issues in the record on appeal are deemed abandoned. N.C. R. App. P. 28(a).
We hold defendant received a fair trial, free of prejudicial or plain error.
NO ERROR.
Report per Rule 30(e).
Chief Judge McGEE and Judge DILLON concur.